## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

| | |
|---|---|
| Wesley Manire, as Administrator of the Estate of Joseph Manire,<br><br>   Plaintiffs,<br><br>v.<br><br>Vermeer Manufacturing Company,<br><br>   Defendant. | Civil Action No. 4:23-cv-118-BJB |

Plaintiff, Wesley Manire, as Administrator of the Estate of Joseph Manire, hereby files this wrongful death action against Defendant Vermeer Manufacturing Company. Plaintiff shows as follows:

**Parties, Venue, and Jurisdiction**

1. Joseph Manire, deceased, was a resident of Daviess County, Kentucky.

2. Wesley Manire, his father, is the duly appointed administrator and personal representative of the Estate of Joseph Wesley Manire opened in Christian County, Kentucky, case number 22-P-00523. Exhibit A, Order Appointing Administrator.

3. Defendant Vermeer Manufacturing Company ("Vermeer") is incorporated under and existing by virtue of the laws of the State of Iowa, having its principal place of business at 1210 Vermeer Road E., Pella, Iowa 50219.

4. Defendant Vermeer submitted itself to the jurisdiction of this Honorable Court by doing, personally or through its agents, at all times material to this cause of action, the following acts:

1

    a. Committing a tortious act within this state by selling and delivering defective heavy machinery and equipment, including woodchippers that are the subject of this Complaint, to persons, firms, or corporations in this state via its distributors, dealers, wholesalers, and brokers. Such woodchippers and their components were used by consumers in Kentucky in the ordinary course of commerce and trade;

    b. Conducting and engaging in substantial business and other activities in Kentucky by selling woodchippers and other heavy machinery and equipment, to persons, firms, or corporations in this state via its distributors, wholesalers, dealers and brokers. Such heavy equipment and woodchippers were used by consumers in Kentucky in the ordinary course of commerce and trade;

    c. The acts or omissions of Defendant Vermeer caused injuries to persons in Kentucky, including Plaintiff. At or about the time of said injuries, Defendant Vermeer engaged in solicitation activities in Kentucky to promote the sale, consumption and/or, use, of its heavy equipment and woodchippers; and

    d. Selling defective woodchippers, with knowledge or reason to foresee that its woodchippers would be shipped in interstate commerce and would reach the market of Kentucky users or consumers.

    e. Defendant Vermeer can be served through its registered agent CT Corporation System 306 W Main Street, Suite 512, Frankfort, KY 40601. Defendant Vermeer's principal place of business is

5. The Court has jurisdiction pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship, and the amount of controversy is in excess of $75,000.00, exclusive of interest and costs.

## Facts and Allegations

6. Defendant Vermeer manufactures and sells, among other things, a landscaping machine which it markets under the name Vermeer BC1800XL Brush Chipper, which is commonly referred to as a woodchipper.

7. Defendant Vermeer has engaged in substantial advertising campaigns to promote the sales of their products, including the Vermeer BC1800XL Brush Chipper, which advertising stresses the quality, utility, efficiency, and safety of said appliance.

8. Upon information and belief, Defendant Vermeer manufactures their products, including the Vermeer BC1800XL Brush Chipper at their facility in the State of Iowa, and then sells and distributes them through a network of dealerships throughout the country and abroad.

9. Prior to the events described herein, Defendant Vermeer sold a Vermeer BC1800XL Brush Chipper, VIN number 1VRY131Z9A1002744 (the "Wood Chipper") to McEnroe Tree Services, LLC ("McEnroe"). The Wood Chipper was expected to and did reach the user without substantial change in the condition in which it was sold.

10. On November 28, 2022, Mr. Manire was employed as a groundsman by McEnroe, using the Wood Chipper when a utility rope was caught in the chipper.

11. Mr. Manire was pulled head-first into the Wood Chipper by the rope that was caught in the chipper, causing significant open head trauma.

12. Though initially found to still be alive after the head trauma, Mr. Manier ultimately died before paramedics arrived.

13. Defendant Vermeer, by and through its agents and employees acting within the course and scope of their agency and/or employment, is strictly liable for designing, manufacturing, installing, and or selling the Wood Chipper in a defective and unreasonably dangerous condition for the use intended, and not within the expectations of a reasonable consumer, in one or more of the following ways:

   a. The Wood Chipper was defective and unreasonably dangerous because there was no mechanism to automatically shut down the machine when a person came within the framework of the machine;

   b. The Wood Chipper was defective and unreasonably dangerous because it failed to use readily available technology to prevent catastrophic events, especially given the industry's knowledge of deaths and injuries caused by wood chippers;

   c. The Wood Chipper was defective and unreasonably dangerous because it was

      designed and manufactured to use deadly force without positive control to protect the operator;

d. The Wood Chipper was defective and unreasonably because it did not contain adequate warnings, either in the Operator's Manual, or in decals prominently displayed on the Wood Chipper itself, about the Danger that the Wood Chipper's "Knives can grab and pull in rope and anything attached to it at high speed. Death or serious injury is possible if you are struck, entangled or pulled into the machine," when defendant knew, or in the exercise of reasonable care should have known, of the reasonably foreseeable and unreasonably dangerous risk of harm that operating the Wood Chipper in proximity to ropes presented;

e. In failing to adequately inspect the Wood Chipper prior to its initial sale, which adequate inspection would have indicated the defects set forth above;

f. In failing to adequately test the Wood Chipper prior to its initial sale, which adequate testing would have indicated the defects set forth above.

14. Defendant Vermeer knew or should have known of this particular hazard and failed to warn about hazards regarding ropes being caught in the Wood Chipper.

15. Upon information and belief, Defendant Vermeer markets the Vermeer BC1800XL Brush Chipper and other wood chippers in European markets, where it does warn of hazards regarding ropes being caught in the Wood Chipper.

16. Defendant Vermeer knew of several reported instances of death or serious bodily injury resulting from ropes being caught in the wood chippers that it manufactures, markets and, sells.

17. Defendant Vermeer is strictly liable for the death of Mr. Manier, in one or more of the particulars set forth herein, including manufacturing a defective and dangerous product and failing to provide adequate instructions warning of the dangers in its use.

18. Defendant Vermeer has manufactured in a negligent manner the Wood Chipper, which was defective and was unreasonably and inherently dangerous, and defendant has negligently sold and distributed the Wood Chipper without providing adequate warning

instructions of the dangers of its use.

19. As a direct and proximate result of Defendant Vermeer's negligence and strict liability, Plaintiff Mr. Manier suffered an untimely death, endured pain and suffering, incurred reasonable medical bills, his next of kin suffered a loss of support from his reasonably expected earning capacity, incurred funeral bills, and suffered other damages.

WHEREFORE, the Estate of Joseph Manire, by personal representative of his Estate Wesley Manire, demand judgment against the Defendant as follows:

    a. For a trial by jury on all issues so triable;

    b. For compensatory damages which will fairly and reasonably compensate Plaintiff decedent's estate in an amount exceeding the jurisdictional minimum of this Court;

    c. For their costs herein expended;

    d. For prejudgment and post-judgment interest;

    e. For any and all other relief to which Plaintiffs may be properly entitled.

Respectfully submitted,

/s/ John C. Whitfield
John C. Whitfield
Sarah Whitfield Bearden
WHITFIELD COLEMAN MONTOYA PLLC
19 N. Main St.
Madisonville, KY 42431
(270) 821-0656
jwhitfield@milberg.com
sbearden@milberg.com

Jason E. Holland
Jason E. Holland Law
905 South Main Street
Hopkinsville, KY 42240
(270) 886-9794
j.holland@jasonehollandlaw.com